# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ROBERT HOFFMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>    Defendant. | Case No.: 17-cv-11<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Robert Hoffman an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, specifically, an alleged personal payday loan used for paying bills and other household expenses.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from a "consumer credit transaction," in that it is a consumer transaction between a merchant (National Credit Adjusters, LLC) and a customer (Plaintiff), in which money was acquired on credit, and the obligation was both payable in installments and finance charges were imposed.

6. Defendant National Credit Adjusters, LLC ("NCA") is a foreign limited liability company with its principal place of business located at 327 W. 4th Ave, Hutchinson, KS 67501.

7. NCA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. NCA is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. NCA is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9. On or about January 30, 2016, Plaintiff received a debt collection letter from NCA. A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A seeks to collect an alleged short-term loan debt, allegedly owed to "Check N Go." *See* https://www.checkngo.com/.

12. The letter NCA sent to Plaintiff (Exhibit A) includes the text: "This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org, P.O. Box 7876, Madison, Wisconsin, 53707."

2

13. The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

14. NCA does not, in fact, hold a Wisconsin Collection Agency License.

15. NCA is not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency.

16. NCA was not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

17. NCA is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited January 3, 2017).

18. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that NCA did not hold a Wisconsin collection agency license on the date that Exhibit A was mailed.

19. A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.").

20. Plaintiff was confused by Exhibit A.

3

21. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

22. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A and B.

23. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

24. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15

U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

**COUNT I – FDCPA**

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

26. <u>Exhibit A</u> falsely states that: "This collection agency is licensed by the Division of Banking" for the State of Wisconsin.

27. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

29. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

30. Defendant violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9) by falsely informing consumers that NCA was licensed by the State of Wisconsin's Division of Banking.

**COUNT II – WCA**

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

32. The alleged underlying transactions, i.e. the alleged payday loan, was a consumer credit transaction in that it is a consumer transaction between a merchant (Check N Go) and a customer (Plaintiff), in which money was acquired on credit, and the obligation was both payable in installments and finance charges were imposed .

33. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

34. By using a letter which falsely represented NCA's licensing status in Exhibit A, Defendant used a communication which gave the appearance of being authorized or approved by a governmental agency (the Division of Banking).

35. Defendant violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by NCA, (c) stating that NCA is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt for personal, family or household purposes, (e) between January 3, 2016 and January 3, 2017, inclusive, (f) that was not returned by the postal service.

37. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

38. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

39. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

41. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

42. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 3, 2017.                              **ADEMI & O'REILLY, LLP**

                                    By: /s/ John D. Blythin
                                            Shpetim Ademi (SBN 1026973)
                                            John D. Blythin (SBN 1046105)
                                            Mark A. Eldridge (SBN 1089944)
                                            Denise L. Morris (SBN 1097911)
                                            3620 East Layton Avenue
                                            Cudahy, WI 53110
                                            (414) 482-8000
                                            (414) 482-8001 (fax)
                                            sademi@ademilaw.com
                                            jblythin@ademilaw.com
                                            meldridge@ademilaw.com
                                            dmorris@ademilaw.com